**NORWEST BANK (N.A.)–DULUTH, etc. Appellant,**

v.

**The GOODYEAR TIRE & RUBBER COMPANY, Respondent.**

**No. C6–83–1832.**

Court of Appeals of Minnesota.

April 4, 1984.

Leo M. McDonnell, Bruess, Bye, Boyd, Andresen & Sullivan, Duluth, for appellant.

Bryan N. Anderson, Donovan, McCarthy, Crassweller & Magre, Duluth, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

Both parties agreed there were no material issues of fact involved in this case. On stipulated facts, both parties moved for a summary judgment. The trial court granted summary judgment to Goodyear Tire & Rubber. Norwest Bank appeals.

### FACTS

The Goodyear Tire & Rubber Co. has for a number of years leased space in Duluth now owned by the Holappa Trust which is administered by Norwest Bank (N.A.)–Duluth. The lease term runs from February 1 of one year until January 31 of the next. Paragraph 11 of the lease agreement provides that

> Lessor will pay all real estate taxes and assessments levied or assessed against the demised premises during the term hereof except that portion of taxes specified in Art. 23 herein.

Under Art. 23,

> If during any lease year of the term hereof real estate taxes payable during such lease year shall exceed $3,232.72 for any tax year, Lessee agrees to pay to the Lessor, as additional rental, upon presentation of receipted tax bills therefore and the paid tax bill for such tax year, the amount of such excess. The Lessee shall have the right to contest any levy of such taxes in its behalf or in behalf of the Lessor in accordance with the provisions of the laws relating to such contests.

In 1982, the Minnesota State Transportation Department condemned the property. The parties and the commissioners agreed

to an award dated December 8, 1982. The damages to the trust were $191,315.00 for the fee interest in the property and the damages to Goodyear were $27,261.00 for its leasehold interest and fixtures.

In January, 1983, the Transportation Department paid the bank by a check made payable to "First National Bank of Duluth" (now Norwest Bank) and "St. Louis County Treasurer." The bank requested a counter signature from the County Treasurer on the check, but the Treasurer refused unless the bank paid the $10,088.12 of taxes due and payable on the property in 1983. Those taxes were levied in October of 1982. The bank paid the taxes and demanded that Goodyear reimburse the bank for $6,855.40 of the taxes allegedly due under the lease. Goodyear refused because it claimed the Transportation Department was liable for those taxes. The trial court agreed with Goodyear. The bank now appeals. We affirm.

### ISSUE

Did the trustee bank owe the property taxes levied in 1982 but due and payable in 1983?

### ANALYSIS

Generally, payment of taxes on land acquired by the state is governed by Minn. Stat. § 272.68 (1982). The Transportation Department is the one state agency exempt from the general statute. The Transportation Department has its own statute governing payment of taxes in a land acquisition:

Subdivision 1. In all eminent domain proceedings taxes and assessments *imposed* upon the acquired property shall be compensated for as provided by section 272.68, except the state transportation department, as the acquiring authority, shall pay all taxes, including all unpaid special assessments and future installments thereof, as provided in subdivision 2.

Subd. 2. When the state transportation department acquires a fee interest in property before forfeiture, by any means, *provision must be made to pay all taxes,* including all unpaid special assessments and future installments thereof, *unpaid on the property at the date of acquisition.* For the purpose of this section, the date of acquisition shall be either the date on which the department enters into a written agreement to purchase the property or, in cases of condemnation, the date of acquisition shall be the date of the award of the court-appointed commissioners; except where the provisions of section 117.042 are exercised and apply, in which case the date of acquisition will be the date on which the state transportation department is entitled to take possession. *Taxes lawfully levied shall not be abated.* This subdivision shall not be construed to require the payment of accrued taxes and unpaid assessments on the acquired property which exceed the fair market value thereof. The state transportation department in acquiring property may make provisions for the apportionment of the taxes and unpaid assessments if less than a complete parcel or tract is acquired.

If such accrued taxes and unpaid assessments are not paid as hereinabove required, then the county auditor of the county in which the acquired property is located shall notify the commissioner of finance of the pertinent facts, and the commissioner of finance shall divert an amount equal to such accrued taxes and unpaid assessments from any funds which are thereafter to be distributed by the commissioner of finance or the state treasurer to the state transportation department from the trunk highway fund, and shall pay over such diverted funds to the county treasurer of the county in which the acquired property is located in payment of such accrued taxes and unpaid assessments.

Minn.Stat. § 117.135 (1982) (emphasis added).

The language of §§ 272.68 and 117.135 is very similar. The basic difference is the definition of the date of acquisition. In a

condemnation proceeding, under the general taxation statute, § 272.68, the date of acquisition is the date upon which the condemnation petition was filed; under the Transportation Department Statute, § 117.-135, the date of acquisition is the date of the commissioner's award or date of possession. All parties agree that the date of the award, and therefore the date of acquisition, was December 8, 1982.

Property taxes are not a personal obligation but rather a lien against the property. *State v. Rhude and Fryberger*, 266 Minn. 16, 123 N.W.2d 196 (1963); *Chun King Sales, Inc. v. St. Louis County*, 256 Minn. 375, 98 N.W.2d 194 (1959). Although the 1983 taxes were levied in October of 1982, "as between grantor and grantee, such lien shall not attach until the first Monday of January of the year next thereafter." Minn.Stat. § 272.31 (1982). Under Minnesota law, a condemnation proceeding creates a grantor-grantee relationship. *Independent-Consolidated School District No. 27 v. Waldron*, 241 Minn. 326, 331, 63 N.W.2d 555, 559 (1954). The lien, therefore, attached on January 3, 1983, the first Monday in January.

The date of attachment is also the date on which the taxes become due and payable. By statute:

> On or before the first business day in January in each year, the county auditor shall deliver the lists of the several districts of the county to the county treasurer, taking therefor his receipt, showing the total amount of taxes due upon the lists. Where the names of taxpayers appear in the property tax lists, the county auditor shall show the addresses of such taxpayers. *Such lists shall be authority for the treasurer to receive and collect taxes therein levied.*

Minn.Stat. § 276.01 (1982) (emphasis added). Our Supreme Court has stated that under § 276.01 taxes become payable only when the lien attaches, in this case, on the first Monday in January of 1983. *Waldron*, 241 Minn. at 331, 63 N.W.2d at 559.

When the state takes property in a condemnation proceeding, a new title is created. *Id.* at 330, 63 N.W.2d at 559. When the state acquired the property in December, the lien had not yet attached. It would not attach until January of 1983. The taxes claimed in this proceeding then were not payable and were not owed. Since they were not owed, the bank had no duty to pay them and Goodyear is not liable for them under the lease.

The bank nonetheless claims that, because "[t]axes lawfully levied shall not be abated," Minn.Stat. § 117.135(2) (1982), the taxes are payable when levied regardless of when the lien attaches. No legislative history to this effect has been shown by the bank, nor has this court found any. The more likely explanation of the phrase is that the Transportation Department, when acquiring property, cannot seek a reduction in taxes through the abatement process.

### DECISION

Property taxes are not due and payable until the lien against the property attaches. Norwest Bank paid taxes that were not due and payable until 1983 although the Transportation Department had taken the property in 1982. The bank cannot seek reimbursement from the lessee of the property for taxes paid, but not owed.

We affirm.