STATE of Minnesota, by Warren SPANNAUS, its Attorney General, petitioner, Appellant,

v.

KING PROPERTIES, INC., et al., Lower Court Respondents,

First National Bank of Duluth, Respondent,

St. Louis County, Respondent.

No. C1–84–1943.

Court of Appeals of Minnesota.

Feb. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., John C. Jeppesen, Sp. Asst. Atty. Gen., St. Paul, Arthur O. Anselmo, Duluth, for appellant.

Leo M. McDonnell, Duluth, for respondent First Nat. Bank of Duluth.

Barbara A. Russ, Asst. County Atty., Duluth, for respondent St. Louis County.

Considered and decided by HUSPENI, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from the trial court's order that the State of Minnesota is required to pay First National Bank of Duluth (Norwest) $10,088.12 plus interest as reimbursement for taxes paid to Saint Louis County by Norwest. We affirm.

## FACTS

The Minnesota Department of Transportation (Mn/DOT) commenced an eminent domain proceeding in 1982 in Duluth. Par-

cel 90 therein was owned by a trust, with Norwest as trustee, and occupied by Goodyear Tire and Rubber Company. The eminent domain award was signed on December 8, 1982. An amended report on Parcel 90 was filed December 21, 1982. It awarded as damages $191,315 to Norwest as trustee, and $27,261 to Goodyear. No mention was made of real estate taxes.

Norwest and Goodyear immediately signed waivers of appeal in exchange for a promise of prompt payment. Without the waiver, the state would wait for the expiration of the forty-day appeal period before payment, and the parties would lose a substantial sum of interest. The waiver did not mention real estate taxes.

The state issued the payment check for Norwest in January 1983. The check was made payable to Norwest and to Saint Louis County. However, before the county would endorse the check, they required payment of the real estate taxes of $10,-088.12. Norwest paid the taxes.

Norwest attempted to collect the taxes it paid from its tenant, Goodyear. This court determined that Norwest was not liable for payment of the taxes, and therefore could not collect from its tenant. *Norwest Bank (N.A.)-Duluth v. Goodyear Tire & Rubber Company*, 346 N.W.2d 377 (Minn.Ct.App. 1984). Neither the state nor the county were party to that proceeding. Norwest brought a motion before the district court against both the state and the county, claiming Norwest was entitled to reimbursement from one of the governmental entities. The state objected to the court's jurisdiction, since no appeal from the condemnation award was filed. Both the county and the state allege the other is responsible for payment. The district court granted the motion as to the state, and denied it as to Saint Louis County. The state appeals.

## ISSUES

1. Did the district court have jurisdiction to hear the motion on taxes, when no appeal was filed from the condemnation award?

2. Was the district court correct in holding that the Department of Transportation, and not Saint Louis County, must reimburse Norwest for real estate taxes Norwest paid to the county?

## ANALYSIS

■ 1. The state claims that, since no appeal was taken from the commissioners' award, the trustee cannot be heard. The award was for the value of the property, as agreed to by the parties. There was no discussion of real estate taxes, and they were not part of the award. Minn.Stat. § 117.145 (1982) sets the forty-day limit for appeals from damage awards. The question of taxes did not arise until after the waiver of appeal was negotiated and signed. Since the damage award did not provide for the payment of real estate taxes, the issue is therefore separate. Jurisdiction is proper.

2. Payment of taxes and assessments in eminent domain proceedings is governed by Minn.Stat. § 117.135 (1982). Mn/DOT has its own special rule.

> When the state transportation department acquires a fee interest in property before forfeiture, by any means, provision must be made to pay all taxes, including all unpaid special assessments and future installments thereof, unpaid on the property at the date of acquisition.

Minn.Stat. § 117.135, subd. 2.

All parties agree the date of acquisition is December 8, 1982. The taxes were levied in 1982. However, they did not become due and payable until January 3, 1983. *Norwest Bank (N.A.)-Duluth v. Goodyear Tire & Rubber Company*, 346 N.W.2d 377, 380 (Minn.Ct.App.1984). We cited our supreme court's repeated judicial expositions that condemnation proceedings create a grantor-grantee relationship; when the state takes property, a new title is created; property taxes are not a personal obligation, but rather a lien upon the property,

and taxes become payable only when the lien attaches.

We concluded:

When the state acquired the property in December, the lien had not yet attached. It would not attach until January of 1983. The taxes claimed in this proceeding then were not payable and were not owed. Since they were not owed, the bank had no duty to pay them and Goodyear is not liable for them under the lease.

*Id.* at 380.

Mn/DOT claims it made provision for payment of the taxes by including the county on the award check to Norwest. However, "making provision" implies an agreement or arrangement. Instead Mn/DOT arbitrarily forced Norwest to pay the taxes, effectively and unlawfully reducing the damage award by a like amount.

When no provision is made for the payment of taxes and assessments, the county auditor shall notify the commissioner of finance, who shall pay state transportation department funds to the county treasurer for the taxes and assessments. Minn.Stat. § 117.135, subd. 2. This indicates the legislature's intent that local governments shall not lose taxes and assessments through condemnations by the state, forcing local taxpayers to pay for the state's public purpose highway. The county should have followed this procedure, rather than insist on payment from Norwest before endorsing the check. In view of this legislative intent, it would be unfair and inequitable to force the county to reimburse Norwest.

The state argues that, since the taxes payable in 1983 are for use of the property in 1982, justice requires the 1982 property owner to pay. We addressed this issue in *Norwest*, and determined that, since property tax liens are not personal, the obligation to pay passed with the title. It may well be that some inequity arises in this situation. However, this problem is better addressed in direct negotiations, the Commissioner's award, or with the legislature.

We are constrained to interpret Minn.Stat. § 117.135 as requiring the state to reimburse Norwest, since it failed to make provision for the payment of the real estate taxes.

## DECISION

The trial court had jurisdiction, and was correct in ordering the State of Minnesota to reimburse Norwest for real estate taxes on property condemned by the transportation department.

Affirmed.